**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTIE L. NAFZIGER,

        Plaintiff,

v.                                      Case No. 8:19-cv-02511-T-35TGW

GOSPEL CRUSADE, INC.,

        Defendant.

_____/

**DEFENDANT'S PARTIALLY UNOPPOSED MOTION TO STRIKE**
**AND INCORPORATED MEMORANDUM OF LAW**

      Defendant, Gospel Crusade, Inc. ("Defendant"), by and through its undersigned counsel and pursuant to F.R.C.P. 12(f), hereby moves to strike paragraphs 33 and 34 as well as Plaintiff's request for injunctive relief and liquidated (compensatory) damages[1] in the Complaint filed by Plaintiff, Christie L. Nafziger ("Plaintiff") on October 15, 2019. In support, Defendant submits the following memorandum of law and states:

## I.     INTRODUCTION

      Plaintiff filed a seven-count Complaint [Dkt 3] (the "Complaint") against Defendant alleging claims under the Florida Civil Rights Act ("FCRA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). In Plaintiff's Complaint, Paragraphs 33–34 outline accusations of molestation made in 2010 against an individual not a party to this case, Gerald Derstine, which is not a basis for and completely irrelevant to any of Plaintiff's claims. Further, the Complaint requests in its Prayer For Relief liquidated (compensatory) damages, as well as overbroad injunctive relief.

---

[1] Plaintiff's counsel consents to the striking of Plaintiff's claim for liquidated (compensatory) damages, but contests the remainder of Defendant's motion.

SLK_TAM:#3136152-v3

Paragraphs 33, 34, as well as Plaintiff's request for injunctive relief and liquidated (compensatory) damages should be struck for several reasons. Paragraphs 33 and 34 of the Complaint should be struck because they are immaterial, scandalous, and would cause undue prejudice that is great in comparison to having no probative value. Additionally, Plaintiff's request for injunctive relief should also be struck because such relief cannot be so broad as to compel a party to obey the law, which is what Plaintiff asks. Lastly, liquidated (compensatory) damages are not available to Plaintiff and should therefore be struck.

### A.  *Legal Standard for Motion to Strike*

Pursuant to Federal Rule of Civil Procedure 12(f), a pleading may be struck when it is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The term "scandalous" as defined by Rule 12(f) "refers to any allegation that unnecessarily reflects on the moral character of an individual or state[s] anything in repulsive language that detracts from the dignity of the court." *Gould v. Florida Atlantic University Board of Trustees*, 2011 WL 13227759, at *3 (S.D. Fla. Nov. 1, 2011). Additionally, "[i]nsinuations that improperly cast a derogatory light on a party have no place in a proper pleading." *Id.* Ultimately, courts have "broad discretion in disposing of motions to strike." *Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007).

### B.  *Paragraphs 33–34 Should be Struck Because Both Are Immaterial and Scandalous.*

Plaintiff's allegations in paragraphs 33 and 34, regarding a non-party's conduct, are irrelevant and serve no purpose other than to prejudice the Defendant. Courts have held that when an allegation regards an individual who is not a party to the case, such an allegation is both "immaterial and impertinent and shall be stricken." *Zdenek v. School Bd. of Broward County*, 2007 WL 4521489, at *2 (S.D. Fla. Dec. 19, 2007).

Plaintiff's allegations are immaterial, impertinent and scandalous. Here, Plaintiff's allegations in paragraph 33 discuss accusations of molestation in 2010 related to Gerald Derstine. [Dkt 3 ¶ 33]. Plaintiff's Complaint does not allege any involvement by Gerald Derstine in Plaintiff's employment or termination. Paragraph 34 then discusses a lawsuit in federal court in Minnesota. [Dkt 3 ¶ 34]. Plaintiff's allegations regarding Gerald Derstine concern an individual who is not a party to the case. Nor has Plaintiff alleged any involvement by Gerald Derstine with Plaintiff's employment, termination, or alleged injuries that may make such allegations even remotely relevant. The allegations in paragraphs 33 and 34 serve no other purpose than to cast a derogatory light on Defendant. Thus, the allegations should be struck.

Even if the allegations were relevant, they should still be struck because the Federal Rules of Evidence preclude their admissibility, further diminishing any materiality they might otherwise have had. Evidence of an individual's (generally a defendant's) past sexual acts are only admissible in a civil case when it involves "a claim for relief based on . . . sexual assault or child molestation." Fed. R. Evid. 415. Even in the context of Title VII cases, courts have held that such evidence is only permissible when the underlying basis for the Title VII claim is offensive sexual contact. *See Cleveland v. KFC Nat. Management Co.*, 948 F.Supp. 62, 64–65 (N.D. Ga. 1996) (discussing Fed. R. Evid. 415 would allow such evidence in the context of a Title VII case only if needed to prove the plaintiff "was the victim of offensive sexual contact . . . and that the employer knew or should have known yet failed to take action"). Even then, the admissibility of any such allegation is still subject to Federal Rule of Evidence 403. In the case at bar no such allegation for sexual assault or molestation has been pleaded and thus Plaintiff's allegations are further immaterial as they have no probative value. On this basis alone, this Court should strike such allegations.

However, the Complaint's allegations further warrant being struck because they are also scandalous. An allegation is scandalous when it "unnecessarily reflects on the moral character of an individual or state[s] anything in repulsive language that detracts from the dignity of the court." *Gould*, 2011 WL 13227759, at *4. In *Gould*, the court held that allegations of anti-Semitism were scandalous because they improperly cast a derogatory light on the educational institution and its Board of Trustees. *Id.* Here, Plaintiff's allegation of sexual molestation is akin to a charge of anti-Semitism in that it does not in any way relate to Plaintiff's claims or the Defendant in this case, other than to improperly cast a derogatory light on Defendant's institution. Thus, this Court should strike the allegation as immaterial, impertinent, and scandalous.

### C. *Plaintiff's Requested Injunctive Relief and Liquidated (Compensatory) Damages Are Due to Be Struck as Overbroad and Wholly Inapplicable.*

The injunctive relief Plaintiff requests is overbroad and should therefore be struck. Every "injunction must contain only an operative command capable of enforcement." *E.E.O.C. v. Florida Institute For Neurologic Rehabilitation, Inc.*, 2009 WL 3816859, at *2 (M.D. Fla. Nov. 13, 2009). To that end, when the requested "terms of the injunction are as general as Title VII itself, the injunction does no more than instruct a defendant to obey the law." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200–1201 (11th Cir. 1999) (stating injunctive relief was not an appropriate remedy under such circumstances); *Siler v. Abbott House, Inc.*, 2017 WL 5494989, at *1 (S.D. Fla. Nov. 16, 2017) (striking request for injunctive relief as it requested an injunction to obey the law which was impermissible); *Saridakis v. South Broward Hosp. Dist.*, 2010 WL 2274955, at *13 (S.D. Fla. June 7, 2010) (denying injunctive relief which was "nothing more than a directive to 'obey the law'"). This is exactly what Plaintiff requests.

Here, Plaintiff's prayer for relief requests an injunction by this Court to instruct the Defendant to obey the law, which is improper. The Complaint's Prayer For Relief asks "that Plaintiff and supervisors be *enjoined to comply with the law*" and "that this *Court require defendant* to file any and all reports necessary and *to supervise compliance with law* that any and all matters related hereto be done in *conformance with the applicable provisions*." [Dkt 3 p. 16 ¶6] (*emphasis added*). This is impermissible. Plaintiff's request for injunctive relief does no more than request an instruction for Defendant to obey the law and this request should therefore be struck.

Equally, Plaintiff's request for liquidated (compensatory) damages is not applicable and should therefore be struck. In the Prayer For Relief, Plaintiff seeks "liquidated (compensatory) damages pursuant to 29 U.S.C. § 626(b)." [Dkt 3 p.16 ¶ 3]. This request of relief is not appropriate, as liquidated (compensatory) damages only apply to claims under the Age Discrimination in Employment Act, which is not alleged by Plaintiff. 29 U.S.C. § 626(b); *See Hernandez v. Peckett's, Inc.*, 2017 WL 11084355, at *6 (M.D. Fla. 2017) (discussing § 626(b) as allowing liquidated (compensatory) damages when willful violations of the Age Discrimination in Employment Act occur). Plaintiff has not alleged any claims of discrimination based on age in her EEOC Charge or Complaint. Therefore, Plaintiff's request for liquidated (compensatory) damages should also be struck.

SLK_TAM:#3136152-v3

## II.      CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the

present motion; strike Plaintiff's Complaint accordingly; and grant Defendant all other relief it

may be entitled to at law or in equity.

**SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ *W. Jan Pietruszka*
W. JAN PIETRUSZKA, ESQ.
Florida Bar No. 0188794
jpietruszka@shumaker.com
101 East Kennedy Boulevard - Suite 2800
Tampa, Florida 33602
Phone: 813-229-7600
Fax: 813.229.1660
*Attorney for Defendant*

-and-

**CURPHEY & BADGER, P.A.**

By: */s/ William E. Curphey*
WILLIAM E. CURPHEY, ESQ.
Florida Bar No. 386741
billcurphey@gmail.com
25400 US Highway 19 North – Suite 236
Clearwater, Florida  33763
PH: 866-842-1129/FAX: 727-683-9675
*Co-counsel for Defendant*

## CERTIFICATE OF GOOD FAITH CONFERENCE

**I HEREBY CERTIFY** that on November 20, 2019, counsel for Defendant conferred
with Plaintiff's counsel in a good faith effort to resolve the issues. Plaintiff's counsel, has agreed
to strike Plaintiff's Prayer For Relief requesting liquidated (compensatory) damages pursuant to
29 U.S.C. § 626(b). The parties were unable to resolve the issues regarding the remainder of the
motion.

*W. Jan Pietruszka*
ATTORNEY

SLK_TAM:#3136152-v3

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 3, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

<u>*W. Jan Pietruszka*</u>
ATTORNEY

SLK_TAM:#3136152-v3