**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTIE L. NAFZIGER,

        Plaintiff,

v.                                    Case No. 8:19-cv-02511-T-35TGW

GOSPEL CRUSADE, INC.,

        Defendant.

_____/

**DEFENDANT'S PARTIALLY UNOPPOSED RENEWED MOTION TO STRIKE**
**AND INCORPORATED MEMORANDUM OF LAW**

      Defendant, Gospel Crusade, Inc. ("Defendant"), by and through its undersigned counsel and pursuant to F.R.C.P. 12(f), hereby moves to strike Plaintiff's request for injunctive relief and liquidated (compensatory) damages[1] in the Amended Complaint filed by Plaintiff, Christie L. Nafziger ("Plaintiff") on August 3, 2020. In support, Defendant submits the following memorandum of law and states:

**I.     INTRODUCTION**

      Plaintiff filed a six-count Amended Complaint [Dkt 30] (the "Amended Complaint") against Defendant alleging claims under the Florida Civil Rights Act ("FCRA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). In Plaintiff's Amended Complaint, Paragraph 83 and the Prayer For Relief request "liquidated damages" and "liquidated (compensatory) damages pursuant to 29 U.S.C. §626(b), as well as overbroad injunctive relief.

      Plaintiff's request for injunctive relief and liquidated (compensatory) damages should be struck for several reasons. Plaintiff's request for injunctive relief should be struck because such

---

[1] Plaintiff's counsel consents to the striking of Plaintiff's claim for liquidated (compensatory) damages, but contests the remainder of Defendant's motion.

relief cannot be so broad as to compel a party to obey the law, which is what Plaintiff specifically requests. Additionally, liquidated (compensatory) damages are not available to Plaintiff and should therefore be struck.

### A.  *Legal Standard for Motion to Strike*

Pursuant to Federal Rule of Civil Procedure 12(f), a pleading may be struck when it is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Ultimately, courts have "broad discretion in disposing of motions to strike." *Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007).

### B.  *Plaintiff's Requested Injunctive Relief and Liquidated (Compensatory) Damages Are Due to Be Struck as Overbroad and Wholly Inapplicable.*

The injunctive relief Plaintiff requests is overbroad and should therefore be struck. Every "injunction must contain only an operative command capable of enforcement." *E.E.O.C. v. Florida Institute For Neurologic Rehabilitation, Inc.*, 2009 WL 3816859, at *2 (M.D. Fla. Nov. 13, 2009). To that end, when the requested "terms of the injunction are as general as Title VII itself, the injunction does no more than instruct a defendant to obey the law." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200–1201 (11th Cir. 1999) (stating injunctive relief was not an appropriate remedy under such circumstances); *Siler v. Abbott House, Inc.*, 2017 WL 5494989, at *1 (S.D. Fla. Nov. 16, 2017) (striking request for injunctive relief as it requested an injunction to obey the law which was impermissible); *Saridakis v. South Broward Hosp. Dist.*, 2010 WL 2274955, at *13 (S.D. Fla. June 7, 2010) (denying injunctive relief which was "nothing more than a directive to 'obey the law'"). This is exactly what Plaintiff requests.

In the Prayer for Relief Plaintiff requests an injunction by this Court to instruct the Defendant to obey the law, which is improper. The Amended Complaint's Prayer For Relief asks

"that Plaintiff and supervisors be *enjoined to comply with the law*" and "that this *Court require defendant* to file any and all reports necessary and *to supervise compliance with law* that any and all matters related hereto be done in *conformance with the applicable provisions*." [Dkt 30 p. 15] (*emphasis added*). This is impermissible. Plaintiff's request for injunctive relief does no more than request an instruction for Defendant to obey the law and this request should therefore be struck.

Equally, Plaintiff's request for liquidated (compensatory) damages is not applicable and should therefore be struck. In Paragraph 83 and the Prayer For Relief, Plaintiff seeks "liquidated damages" and "liquidated (compensatory) damages pursuant to 29 U.S.C. § 626(b)." [Dkt 30 ¶ 83 and p. 15]. This request of relief is not appropriate, as liquidated (compensatory) damages only apply to claims under the Age Discrimination in Employment Act, which is not alleged by Plaintiff. 29 U.S.C. § 626(b); *See Hernandez v. Peckett's, Inc.*, 2017 WL 11084355, at *6 (M.D. Fla. 2017) (discussing § 626(b) as allowing liquidated (compensatory) damages when willful violations of the Age Discrimination in Employment Act occur). Plaintiff has not alleged any claims of discrimination based on age in her EEOC Charge or Amended Complaint. Therefore, Plaintiff's request for liquidated (compensatory) damages should also be struck.

## II.      CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the

present motion; strike Plaintiff's Amended Complaint accordingly; and grant Defendant all other

relief it may be entitled to at law or in equity.

                                   **SHUMAKER, LOOP & KENDRICK, LLP**

                          By: /s/ W. Jan Pietruszka
                              W. JAN PIETRUSZKA, ESQ.
                              Florida Bar No. 0188794
                              jpietruszka@shumaker.com
                              101 East Kennedy Boulevard - Suite 2800
                              Tampa, Florida 33602
                              Phone: 813-229-7600
                              Fax: 813.229.1660
                              *Attorney for Defendant*

                                        -and-

                                   **CURPHEY & BADGER, P.A.**

                          By:   /s/ William E. Curphey
                              WILLIAM E. CURPHEY, ESQ.
                              Florida Bar No. 386741
                              billcurphey@gmail.com
                              WILLIAM E. CURPHEY, ESQ.
                              Florida Bar No. 386741
                              billcurphey@gmail.com
                              36181 East Lake Road – No. 383
                              Palm Harbor, Flroida  34685
                              PH: 727-493-3841
                              *Co-counsel for Defendant*

### CERTIFICATE OF GOOD FAITH CONFERENCE

**I HEREBY CERTIFY** that on August 14, 2020, counsel for Defendant conferred with
Plaintiff's counsel in a good faith effort to resolve the issues. Plaintiff's counsel, has agreed to
strike Plaintiff's Prayer For Relief requesting liquidated (compensatory) damages pursuant to 29
U.S.C. § 626(b). The parties were unable to resolve the issues regarding the remainder of the
motion.

                              W. Jan Pietruszka
                              ATTORNEY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 17, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

*W. Jan Pietruszka*
ATTORNEY