UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIE L. NAFZIGER,

        Plaintiff,

v.                                         Case No. 8:19-cv-02511-T-35TGW

GOSPEL CRUSADE, INC.,

        Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendant/Counter-Plaintiff, Gospel Crusade, Inc. ("Defendant"), by and through its undersigned counsel, hereby files its Response in Opposition to Plaintiff Christie L. Nafziger's Motion to Dismiss and Incorporated Memorandum of Law. In support, Defendant submits the following memorandum of law and states:

**I.    INTRODUCTION**

Defendant filed a Counterclaim for violation of Florida Security of Communications Act (Fla. Stat. §§ 934.01, et. seq.) on August 17, 2020 [Dkt. 32]. In response, Plaintiff/Counter-Defendant, Christie L. Nafziger ("Plaintiff") filed a Motion to Dismiss and Incorporated Memorandum of Law ("Motion") on September 7, 2020 pursuant to the Federal Rules of Civil Procedure 12(b)(6) and 12(e)[1] to dismiss Defendant's Counterclaim for failure to state a cause of action upon which relief may be granted [Dkt. 34].

The Court should deny Plaintiff's Motion as Defendant has adequately plead a cause of action under § 934.10, Florida Statutes.  Plaintiff's Motion fails to establish any legal basis for the dismissal of the Counterclaim and appears to be simply a recitation of affirmative defenses

---

[1] It is unclear as to why Plaintiff's Motion references Federal Rule of Civil Procedure 12(e) but makes no argument or request for a more definite statement.

and alternative facts in response. Specifically, Plaintiff's Motion fails to cite a single case granting a motion to dismiss of a cause of action under Fla. Stat. § 934.10, Florida Statutes. Further, some of the cases cited by Plaintiff do not address the Florida Security of Communications Act or even Florida law.

Based upon allegations not plead in the Amended Complaint, Plaintiff attempts to argue that Defendant cannot prevail on its claim based on a lack of a reasonable expectation of privacy or because society is unwilling to recognize such an expectation. Such a fact-intensive determination is inappropriate for a motion to dismiss. As Defendant has successfully stated a cause of action upon which appropriate relief may be granted, Plaintiff's Motion should be denied.

## II.     MEMORANDUM OF LAW

### A.     *Legal Standard for Motion to Dismiss*

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al.*, 711 F. 2d 989, 995 (11th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement of the claim showing the plaintiff is entitled to relief to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55, (2007) (internal quotation omitted). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts are generally limited to the four corners of the complaint. *Id*. at 555. In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. *Quality Foods*, 711 F. 2d at 994-95. Further, the Court should favor the plaintiff with all reasonable inferences

from the allegations in the complaint. *Kelliher v. Target Nat. Bank*, 826 F. Supp. 2d 1324, 1326 (M.D. Fla. 2011) (citing *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990)); *see also Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). On a motion to dismiss, "the relevant question is whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. *Defendant Has Adequately Plead a Cause of Action Under Fla. Stat. § 934.10*

Plaintiff's Motion argues that Defendant has failed to state a cause of action under the Florida Security of Communications Act ("Florida SCA"). However, Plaintiff's Motion fails to cite a single case in which is a court has granted a dismissal of a claim under §934.10, Florida Statutes for failing to state a claim. The Counterclaim adequately states a cause of action under §934.10, Florida Statutes

Fla. Stat. § 934.03 prohibits the intentional interception and disclosure of wire, oral, or electronic communications. A violation of this statute is subject to a civil cause of action under Fla. Stat. § 934.10(1), which provides, in part, that: "[a]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of §§ 934.03-934.09 shall have a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications…" As statutorily defined, "oral communication" means "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public communication uttered in a public meeting or any electronic communication." Fla. Stat. § 934.02(2). "Intercept" is statutorily

defined as "the aural or other acquisition on the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Fla. Stat. 934.02(3).

In its Counterclaim, Defendant plead that Plaintiff secretly recorded the Derstines' oral communications without their consent. [Dkt. 32 Counterclaim ¶¶ 16-18, 28]. Defendant also plead that the Derstines had a subjective expectation of privacy in their intercepted oral communications, and that society recognizes the expectation of privacy of the Derstines as reasonable under the circumstances. [Dkt. 32 Counterclaim ¶¶ 31-33]. The Derstines expectation of privacy was not unreasonable because the meeting held in Phil Derstine's private office, with the door closed and no one else was present besides the Derstines and Plaintiff. [Dkt. 34 Counterclaim ¶¶ 13-15]. Therefore, the private meeting between the Derstines and Plaintiff's meets the definition of "oral communication" under the statute. Additionally, Defendant plead Plaintiff disclosed these intercepted, oral communications to others without the Derstine's knowledge and consent, further violating the Florida Security of Communications Act. [Dkt. 34 Counterclaim ¶¶ 21-25]. Accordingly, Plaintiff's Motion should be denied by this Court because Defendant has adequately plead a cause of action under Fla. Stat. § 934.10, Florida Statutes.

C. *Plaintiff's Motion to Dismiss Attempts to Introduce New and Alternative Facts that Cannot Be Considered by the Court*

A significant portion of Plaintiff's Motion is an attempt to introduce new, alternative facts not plead in Defendant's Counterclaim which cannot be considered by this Court on a motion to dismiss. Plaintiff, based on her own conjecture, alleges the Derstines had no reasonable expectation of privacy because others, including other employees, were able to overhear the termination conversation and that the participants could overhear others speaking in the hall nearby [Dkt. 34 ¶¶ 10-11]. In its Counterclaim, Defendant specifically plead that the

meeting was held in Phil Derstine's private office, the door to the office closed, no one else present and the Derstines had a reasonable expectation of privacy in their conversation with Plaintiff [Dkt. 34 Counterclaim ¶¶ 13-15].

As stated above, the threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. *Quality Foods,* 711 F. 2d at 995. When reviewing a motion to dismiss, courts are generally limited to the four corners of the complaint. *Twombly*, 550 U.S. at 555. Further, courts must accept the allegations as true and construe the allegations in the light most favorable to the plaintiff. *Quality Foods*, 711 F. 2d at 994-95. In her Motion, Plaintiff relies on new, alternative facts that are clearly outside the "four corners" of Defendant's Counterclaim, and are improper for this Court to consider on a motion to dismiss. Defendant has further demonstrated that it has adequately plead all of the elements required for a cause of action under Fla. Stat. § 934.10, and such factual allegations must be construed by this Court in a light most favorable to Defendant. Here, Plaintiff merely disagrees with the facts as pled in the Counterclaim. Therefore, in looking within the four corners of Defendant's Counterclaim and accepting the allegations therein as true, this Court should deny Plaintiff's Motion because Plaintiff fails to establish any legal basis for dismissal beyond Plaintiff's own alternative facts in direct disagreement with those sufficiently plead in Defendant's Counterclaim.

**D.**     ***Whether There is a Reasonable Expectation of Privacy is a Factual Determination Inappropriate for a Motion to Dismiss***

Based on these new, alternative facts, Plaintiff attempts to argue that Defendant cannot prevail on its cause of action based on a lack of a reasonable expectation of privacy as society is unwilling to recognize such an expectation. Such a fact-intensive determination is inappropriate

for a motion to dismiss. *Brevard Extraditions, Inc. v. Fleetmatics, USA, LLC*, 2013 WL 5437117 *5 (M.D. Fla. 2013).

Florida law establishes that the following factors are to be considered in determining whether, under the totality of the circumstances, the expectation of privacy is one in which society recognizes as reasonable: (1) the location where the communication took place; (2) the manner in which the communication was made; (3) the nature of the communication; (4) the intent of the speaker asserting Chapter 934 protection at the time the communication was made; (5) the purpose of the communication; (6) the conduct of the speaker; (7) the number of people present; and (8) the contents of the communication. *Brugman v. State,* 117 So.3d 39, 51 (Fla. 3d DCA 2013). Whether a communication is protected under Chapter 934 "is an intensely fact-specific inquiry." *Id; Migut v Flynn*, 2005 WL 1130373, **5 (11th Circuit 2005). Therefore, Plaintiff's Motion should be dismissed because whether the Derstines possessed a reasonable and justified expectation of privacy is an intensely fact specific analysis that cannot be appropriately decided on a motion to dismiss.

Plaintiff's own cited cases confirm the Court's holding in *Brevard*. Plaintiff has failed to cite a single case in her Motion granting a motion to dismiss a cause of action under Fla. Stat. § 934.10. All of the cases cited by Plaintiff deal with proceedings other than motions to dismiss. *United States v. Easterling*, 41 Fed. Appx. 201 (2002) (appealing a jury conviction); *Agriculture v. Edwards*, 654 So. 2d 628 (Fla. 1st DCA 1995) (appealing a final administrative order); *Jatar v. Lamaletto et al.*, 758 So. 2d 1167 (Fla. 3d DCA 2000) (appealing an adverse summary judgement ruling); *Molodecki v. Robertson Display, Inc.*, 2002 WL 34421226 (M.D. Fla. 2002) (appealing a denied motion to strike); *Glinsky v. City of Chicago*, 2002 WL 113884 (N.D. Ill.

2002) (appealing a motion in limine). Further, some of the cases cited by Plaintiff do not even address Florida law.

In her Motion, Plaintiff cites to *United States v. Easterling* stating as a general rule that there is a lesser expectation of privacy in commercial as contrasted with residential buildings [Dkt. 34 ¶ 8]. However, Plaintiff disregards that the court in *Easterling* further held that a place searched need not be one's "home" for one to have a legitimate expectation of privacy. 41 Fed. Appx. at 204. Classifying a building as "commercial" is not dispositive as to the level of privacy that attaches to such premises; rather, the reasonable expectation of privacy turns on the particular nature and circumstances surrounding the place to be searched. *Id*. (quoting *United States v. Bute*, 43 F. 3d 531, 536 (10th Cir. 1994). Here, the circumstances surrounding the recorded conversation indicate that although it was held in a "commercial" building, the Derstines still had a reasonable expectation of privacy because the conversation was confined to Phil Derstine's closed, private office with only the Plaintiff and the Derstines present.

Next, Plaintiff cites *Dept. of Agriculture v. Edwards* for the proposition that an employee who records his supervisor is not in violation of Fla. Stat. § 934.03 [Dkt. 34 ¶ 9]. In making such an argument, Plaintiff ignores the fact that the employee in question was a public employee of the State of Florida which was the determinative factor in the court's analysis. *Edwards*, 654 So. 2d at 631. In *Edwards*, the court refers to the hearing officer's findings that "the Florida Constitution contemplates that public business is to be conducted in the 'sunshine.'" *Id*. The court further states that "[r]easoning from this open-government premise, and the fact that all persons claiming an expectation of privacy in this case were public employees acting in furtherance of their public duties, the hearing officer concluded that any statements made by Pittman, O'Brien, and Wells in performance of their public duties were not privileged, hence no

reasonable expectation of privacy attached to those statements." *Id*. Here, we are not dealing with a public, government employer and employee.

Plaintiff also cites *Jatar v. Lamaletto et al.* in an attempt to argue that statements in a business office lack an expectation of privacy. [Dkt. 34 ¶ 14]. Plaintiff states that in *Jatar*, the court held a moving party lacked a justified expectation of privacy thus his statements were not an "oral communication" and could be recorded without consent [Dkt. 34 ¶ 14]. However, Plaintiff once again ignores that in reaching this holding, the court in *Jatar* found the expectation of privacy was not justified not because of the location of the conversation, but because the statements were a criminal act, extortion of the other participant. 758 So. 2d at 1168-69. Here, the recorded conversation between Plaintiff and the Derstines was not criminal in nature, and was conducted in the ordinary course of the Derstine's business.

Next, Plaintiff cites to *Molodecki v. Robertson Display, Inc.* for the court's holding that a recorded conversation between a defendant and their boss did not violate Florida law because there was no reasonable expectation of privacy as to the conversation that took place. 2002 WL 34421226 at *2. Unlike the present case, *Molodecki* concerns a discussion among 4 different people.

Lastly, Plaintiff cites to *Glinsky v. City of Chicago* stating the court in this case, once finding the intent of the recording was not criminal or tortious, found the recording to be probative and relevant. [Dkt. 34 ¶ 22]. Like all of the other cases cited by Plaintiff in her Motion, *Glinsky* does not deal with a motion to dismiss and instead is an appeal on a motion in limine. 2002 WL 113884 at *1. *Glinksy* does not even address the application of Florida law or the Florida Security of Communications Act. *Id.* Furthermore, the issue before this Court is whether

Defendant has adequately plead a cause of action not whether the recording is probative and relevant.

### III. CONCLUSION

For the foregoing reasons, Gospel Crusade, Inc., respectfully requests that this Court deny Plaintiff Christie L. Nafziger's Motion to Dismiss and Incorporated Memorandum of Law.

**SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ *W. Jan Pietruszka*
W. JAN PIETRUSZKA, ESQ.
Florida Bar No. 0188794
jpietruszka@shumaker.com
101 East Kennedy Boulevard - Suite 2800
Tampa, Florida 33602
Phone: 813-229-7600
Fax: 813.229.1660
*Attorney for Defendant*

-and-

**CURPHEY & BADGER, P.A.**

By: */s/ William E. Curphey*
WILLIAM E. CURPHEY, ESQ.
Florida Bar No. 386741
billcurphey@gmail.com
36181 East Lake Road – No. 383
Palm Harbor, Florida  34685
PH: 727-493-3841
*Co-counsel for Defendant*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 21, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

*W. Jan Pietruszka*
ATTORNEY