**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTIE L. NAFZIGER,

          Plaintiff,

v.                                             Case No. 8:19-cv-02511-T-35TGW

GOSPEL CRUSADE, INC.,

          Defendant.

_____/

**DEFENDANT/COUNTER-PLAINTIFF, GOSPEL CRUSADE, INC.'s RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OBJECTIONS TO AFFIDAVITS OF PLAINTIFF AND ULETTE SONG, AND <u>INCORPORATED MEMORANDUM OF LAW</u>**

     Defendant/Counter-Plaintiff, Gospel Crusade, Inc. ("Defendant"), pursuant to Rule 56, Federal Rules of Civil Procedure, responds in opposition to Plaintiff/Counter-Defendant, Christie L. Nafziger ("Plaintiff")'s Motion for Summary Judgment (the "Motion") and objects to the affidavits of Plaintiff and Ulette Song.  As set forth in Defendant's Motion for Summary Judgment, the admissible summary judgment evidence filed in this action establishes that there is no genuine issue as to any material fact and that Defendant is entitled to summary judgment as a matter of law.

## I.    INTRODUCTION

     On November 30, 2020, Defendant filed its Motion for Summary Judgment.  [Dkt. 40] In full compliance with this Court's Case Management and Scheduling Order ("CMO") [Dkt. 23], Local Rule 3.01, and Rule 56 of the Federal Rules of Civil Procedure, Defendant's Motion for Summary Judgment contained a detailed statement of undisputed material facts with pinpoint citations to admissible record evidence establishing that Defendant is entitled to summary judgment as a matter of law.

Subsequently, Plaintiff filed her own cross Motion for Summary Judgment. [Dkt. 42] Unlike Defendant's motion, however, and in violation of this Court's CMO and Rule 56, Plaintiff's Motion contains no statement of undisputed material facts and does not offer a single pinpoint citation to any record evidence. Instead, Plaintiff's Motion is a generic, boilerplate legal memorandum covering a wide variety of legal issues, several of which are not even at issue in this case. Additionally, Plaintiff attached two affidavits to her Motion—the Affidavit of Plaintiff, Christie Leonard [Dkt. 42-1] and the Affidavit of Ulette Song [Dkt. 42-2]—both of which violate Rule 56 by containing facts outside their personal knowledge and other inadmissible material.[1]

Plaintiff's Motion is utterly deficient, completely unsupported by admissible record evidence, and should be denied.

## II.  PLAINTIFF FAILS TO CITE TO ANY RECORD FACTS.

Plaintiff's Motion should be denied because it fails to cite to any record facts in violation of this Court's CMO and Rule 56. The CMO provides in pertinent part:

> **1.  Required Materials –** A motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, and shall be accompanied by a memorandum of law, affidavits and other evidence in the form required by Federal Rule of Civil Procedure 56. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact. General references to a deposition are inadequate.

[Dkt. 23 H.1.] (bold in original) Further, Rule 56 sets forth the basic axiom that summary judgment should only be granted if "the movant shows that *there is no genuine dispute as to any material fact* and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis supplied). Rule 56 further states in pertinent part that a party must support an

---

[1] Further, Plaintiff also failed to designate her Motion as a dispositive motion as required by Local Rule 3.01(h).

asserted undisputed fact by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).

Plaintiff's Motion does not contain any statement of facts, much less any statement of purportedly undisputed material facts.  Likewise, the Motion does not contain any citations to any record facts, much less pinpoint citations to the pages and lines of record evidence.  Instead, the Motion contains a generic, boilerplate legal memorandum covering a wide variety of legal issues, several of which are not even at issue in this case.[2]  Not only does this violate the Court's CMO and the Federal Rules of Civil Procedure, but it also makes it impossible for Defendant to formulate any meaningful response to the Motion.  The Motion must be denied.

Indeed, this Court was presented with a virtually identical situation in *Watson v. Kelly Fleet Services, LLC*, 2009 WL 10669523 (M.D. Fla. Nov. 12, 2009).  There, a *pro se* plaintiff responded to the defendant's motion for summary judgment without providing citations to any record evidence.  *Id.* at *2.  Referring to Rule 56 and a virtually identical case management and scheduling order, Judge Scriven found that the plaintiff's response was unsupported by record evidence, concluded that the defendant's substantiated motion for summary judgment was therefore uncontroverted, and granted summary judgment to the defendant.  *Id.*

By filing a boilerplate legal memorandum with no pinpoint citations to record facts, Plaintiff is essentially asking this Court to guess as to what legal issues are in dispute, what facts the Plaintiff believes are undisputed as to each issue, and what particular record evidence supports each asserted fact.  This is improper and falls utterly short of satisfying the Plaintiff's burden on summary judgment.  *A.L. v. Jackson County Sch. Bd.*, 635 Fed. Appx. 774, 786 (11th

---

[2] For example, among other things, Plaintiff's boilerplate legal memorandum argues against "the bona fide occupational qualification defense" (a defense that the Defendant has not asserted in this lawsuit) and argues that Plaintiff was subjected to a hostile work environment (a claim that the Plaintiff has not pled in this case and that the Plaintiff has not supported with any record evidence).  Several other sections of Plaintiff's Motion are also inapplicable (and all are devoid of any factual support).

Cir. 2015) (rejecting argument that "the court was required to comb through the record and make [plaintiffs'] arguments for them" or that the court was "somehow obligated to do [plaintiffs'] job for them); *Watson*, 2009 WL 10669523 at \*2.  If the *pro se* Plaintiff in *Watson* was held to this standard, surely the Plaintiff in this case, who is represented by counsel, should be also. Plaintiff's Motion should be denied.

### III.    THE AFFIDAVITS OF PLAINTIFF AND ULETTE SONG SHOULD NOT BE CONSIDERED.

Instead of providing a statement of facts with pinpoint citations to record evidence, Plaintiff attaches to her Motion (and improperly generally refers to in her arguments only as to Counts V and VI and the Counterclaim ) two affidavits—the Affidavit of Plaintiff [Dkt. 42-1] and the Affidavit of Ulette Song [Dkt. 42-2].  This is improper.  Again, the Plaintiff—who bears the burden on her Motion for Summary Judgment—is essentially asking this Court to guess as to which particular allegations in the affidavits she believes support her unidentified arguments. The Court should disregard the affidavits for this reason alone.  [Dkt. 23 H.1.]; Fed. R. Civ. P. 56(c)(1)(A); *Watson*, 2009 WL 10669523 at \*2.

Additionally, both affidavits should be disregarded because they are filled with facts outside the affiants' personal knowledge along with other inadmissible material.  Rule 56(c)(4) states:

> ***Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(4).  Consequently, allegations in an affidavit should not be considered on summary judgment if they consist of legal conclusions, facts not based on personal knowledge, hearsay, or other inadmissible material.  *E.g. Broughton v. Sch. Bd. of Escambia County, Fla.*,

540 Fed. Appx. 907, 911 (11th Cir. 2013) (affirming trial court's decision to strike affidavits containing inadmissible evidence); *Hughes v. Amerada Hess Corp.*, 187 F.R.D. 682, 686 (M.D. Fla. 1999) (striking inadmissible material from affidavit).   A party may object to the consideration of an affidavit containing inadmissible material.  *Id.*; Fed. R. Civ. P. 56(c)(2).

The affidavits of Plaintiff and Ulette Song are filled with legal conclusions, facts outside their personal knowledge, hearsay, and other inadmissible material.   Specifically, Defendant objects to the following:

### A. *Objections to Affidavit of Plaintiff.*

The Affidavit of Plaintiff [Dkt. 42-1] fails to state that the affidavit is based on personal knowledge.  Consequently, the entire affidavit should be disregarded.

Paragraph 2 – Plaintiff reiterates the allegations in her Amended Complaint "that I was fired based on sex and based on my marital status."  These are bare legal conclusions and should be disregarded.[3]

Paragraph 3 – Plaintiff alleges "the Derstines had no expectation of privacy in the office in question."  This is speculation and outside of Plaintiff's personal knowledge.  She also alleges without foundation or substantiation that the Derstines could be heard (on unidentified occasions) by all workers in the hallway and were aware of this.  This is speculation and outside of Plaintiff's personal knowledge.  Finally, Plaintiff alleges that on unidentified occasions when the Derstines "did not want to be heard," they took unidentified "steps" to whisper or move the conversation elsewhere.   These allegations lack foundation, are outside Plaintiff's personal

---

[3] Further, Plaintiff cannot rely on allegations in her own complaint on summary judgement.  In recognizing that a party cannot rely on their own unsworn pleadings on summary judgment, the Advisory Committee's Notes to Rule 56 state: "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. . . . [D]espite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." Fed. R. Civ. P. 56 advisory committee's note.

knowledge, and are irrelevant to whether Plaintiff violated the Florida Security of Communications Act (the "Florida Unlawful Recording Act") during her termination meeting on January 23, 2019, which she admitted at her deposition was behind closed doors.  [Pl. Dep. 171:8–11, 171:18–20]  *See Hughes*, 187 F.R.D. at 687 ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony").

### B.  *Objections to Affidavit of Ulette Song.*

The Affidavit of Ulette Song [Dkt. 42-2] fails to state that it is based on personal knowledge.  Consequently, the entire affidavit should be disregarded.

Paragraphs 6–7 – Pastor Song alleges that Pastor Phil Derstine told Plaintiff and Pastor Song to separate from each other before the mission trip.  These allegations attempt to imply that Pastor Phil Derstine unlawfully discriminated against Pastor Song and/or the Plaintiff.  However, per Plaintiff's own clear deposition testimony, this improperly mischaracterizes Pastor Phil Derstine's alleged statements and intentions.  Plaintiff clearly testified at her deposition that the purpose of Phil Derstine's statements was to reorient the Plaintiff's focus on her job performance, which Pastor Phil Derstine had told her had been suffering.  [Pl. Dep. 65:9–67:19, 70:4–13].  In Plaintiff's own words, "what [Pastor Phil Derstine] was actually doing was giving me a directive to spend my time, energy, and effort in producing television programs because he wanted to ramp that up."  [*Id.* at 70:11–13].  Plaintiff cannot now attempt to contradict her previous clear testimony with Pastor Song's misleading affidavit.  *See Hughes*, 187 F.R.D. at 687 ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue

with an affidavit that merely contradicts, without explanation, previously given clear testimony").

Paragraph 8 – Pastor Song alleges that Phil Derstine utilized Tony Bonner to "monitor our compliance."  This is speculation and outside Pastor Song's personal knowledge.  Pastor Song also alleges that she "found one video and numerous text communications shared with Tony that outlined details of the time I had spent with my friend Christie."  These allegations are not admissible for several reasons.  First, the alleged unidentified video and text messages are hearsay.  Second, pursuant to Federal Rule of Civil Procedure 1002, Plaintiff was required to provide the video and text communications, themselves to prove their contents—Pastor Song's sweeping and unsubstantiated allegations regarding the substance of these alleged documents are inadmissible.[4]

Paragraph 9 – Pastor Song purports to summarize the substance of the alleged video and one of the alleged text messages referenced in Paragraph 8 without providing originals of these documents.  Again, this is inadmissible hearsay and violates Rule 1002.

Paragraphs 10–12 – Pastor Song attempts to summarize an alleged conversation she had with Phil and Jannette Derstine.  Not only are Jannette Derstine's alleged statements hearsay, but the allegations regarding the conversation attempt to improperly contradict Plaintiff's unequivocal deposition testimony that Pastor Song was terminated for job abandonment.  [Pl. Dep. 180:7–23]  *See Hughes*, 187 F.R.D. at 687 ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that

---

[4] Additionally, as Plaintiff testified in her deposition, Pastor Ulette Song and her ex-husband, Tony Bonner were receiving marital/pastoral counseling from Pastor Phil Derstine and both sent text messages to Pastor Phil Derstine about their marriage issues.  [Pl. Dep. 161:20–163:11]  Thus, Pastor Song's attempt to characterize these text messages as an attempt by Pastor Phil Derstine to "monitor" Pastor Ulette Song and/or the Plaintiff improperly contradicts Plaintiff's clear testimony on the issue.  *See Hughes*, 187 F.R.D. at 687 ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony").

party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony"). Finally, the entire alleged conversation is completely irrelevant, as the reason for Pastor Song's termination is not at issue in this case. Even if the alleged reason for Pastor Song's termination were relevant (and it is not), and even assuming that the reason was discriminatory (which it was not), Paragraph 14 of Pastor Song's affidavit alleges that Plaintiff "got to keep her job" on November 30, 2018 even though Pastor Song was terminated on that day—thus failing to establish that Pastor Song and Plaintiff were terminated for the same allegedly discriminatory reason. Indeed, Plaintiff clearly testified that Plaintiff and Pastor Song were terminated for "completely different" reasons. [Pl. Dep. 180:7–23]

Paragraph 14 – Pastor Song alleges that Plaintiff told her alleged details about Plaintiff's meeting with Pastor Phil Derstine on November 30, 2018, including that Pastor Phil Derstine had made certain statements to Plaintiff about an alleged condition of Plaintiff's continued employment. The Plaintiff's alleged statements to Pastor Song, including Plaintiff's alleged statements about what Pastor Derstine might or might not have said, are inadmissible hearsay.

Paragraph 15 – Pastor Song alleges without substantiation that "this condition meant that we needed to be careful not to divulge our living arrangements" and that Pastor Song could not tell anyone where she lived. This is speculation and outside of her personal knowledge. Pastor Song was admittedly not present when Pastor Derstine allegedly discussed Plaintiff's alleged employment "condition" on November 30, 2018 and therefore cannot know what the condition "meant" without either speculating or relying on Plaintiff's hearsay summary of the conversation. Pastor Song also alleges in Paragraph 15 without substantiation that she and the Plaintiff were "followed" without identifying who allegedly followed them, when they were

allegedly followed, whether the individuals allegedly following them were instructed to do so by the Defendant, or whether the Defendant was even aware of the alleged following. This all lacks any proper foundation, is irrelevant, and is inadmissible.

Paragraph 16 – Pastor Song alleges that Pastor Derstine texted the Plaintiff to schedule a meeting. Again, Pastor Song fails to provide the original alleged text message in violation of Rule 1002. She also fails to lay any foundation as to how she learned of the alleged text message, making it unclear whether she learned of the message because someone told her about it (which would be hearsay).

Paragraph 17 – Pastor Song alleges that she and the Plaintiff "knew" what the meeting "could" be about. This is speculation and outside her personal knowledge. Again, she also fails to lay any foundation as to how she knows what the Plaintiff allegedly "knew," making it unclear whether her knowledge is based on what someone told her (which would be hearsay).

Paragraph 20 – Pastor Song alleges that she does not "believe" that conversations (on unidentified occasions) were private in Pastor Phil Derstine's office. Pastor Song's "belief" about the privacy of unidentified conversations in Pastor Phil Derstine's office is completely irrelevant for the purposes of Defendant's Counterclaim under the Florida Unlawful Recording Act. To the contrary, the only relevant issues for Defendant's Counterclaim are whether (1) Plaintiff recorded oral statements of Pastor Phil Derstine and Jannette Derstine without their consent during her termination meeting on January 23, 2019 (at which meeting Pastor Song was undisputedly not present), (2) the Derstines had a subjective expectation of privacy when making the statements, and (3) the Derstines' expectation of privacy was one that society is prepared to recognize as reasonable (which does not account for Pastor Song's personal opinions on the matter). Fla. Stat. § 934.03(1)(a)–(b); *Woliner v. Summers*, 796 Fed. Appx. 649, 651 (11th Cir.

2019).   Similarly, Pastor Song alleges that Pastor Phil Derstine would often on unidentified occasions whisper or indicate that something had to be discussed later or elsewhere "if he did not want to be heard by others in the office."  Again, these allegations are irrelevant for the purposes of Defendant's Counterclaim as Pastor Song was not present during Plaintiff's termination meeting at issue.  [Pl. Dep. 171:8–13]  Further, her speculation regarding the reason why Pastor Phil Derstine would allegedly, on unidentified occasions, whisper or indicate that something had to be discussed later or elsewhere is outside her personal knowledge and inadmissible.

For the reasons discussed above, the Affidavit of Plaintiff and Affidavit of Ulette Song should not be considered on summary judgment.

## IV. UNLIKE PLAINTIFF'S MOTION, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS SUPPORTED BY ADMISSIBLE RECORD EVIDENCE AND ESTABLISHES THAT SUMMARY JUDGMENT SHOULD BE GRANTED TO DEFENDANT.

In stark contrast to Plaintiff's completely unsupported Motion for Summary Judgment, Defendant's Motion for Summary Judgment sets forth undisputed material facts supported by pinpoint citations to admissible evidence establishing that Defendant is entitled to summary judgment as a matter of law.  Defendant respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment and grant summary judgment to the Defendant.

**SHUMAKER, LOOP & KENDRICK, LLP**          -and- **CURPHEY & BADGER, P.A.**

By: */s/ W. Jan Pietruszka*                                    By:____*/s/ William E. Curphey*_____
W. JAN PIETRUSZKA, ESQ.                             WILLIAM E. CURPHEY, ESQ.
Florida Bar No. 0188794                                   Florida Bar No. 386741
jpietruszka@shumaker.com                               billcurphey@gmail.com
101 East Kennedy Boulevard - Suite 2800        36181 East Lake Road – No. 383
Tampa, Florida 33602                                       Palm Harbor, Florida  34685
Phone: 813-229-7600                                       PH: 727-493-3841
Fax: 813.229.1660                                           *Co-counsel for Defendant*
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 16, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

<u>*W. Jan Pietruszka*</u>
ATTORNEY