UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTIE L NAFZIGER,**

    **Plaintiff,**

v.                                                         Case No: 8:19-cv-2511-T-35TGW

**GOSPEL CRUSADE, INC.,**

    **Defendant.**

___

## **ORDER**

    **THIS CAUSE** comes before the Court for consideration of Defendant's Partially Unopposed Renewed Motion to Strike and Incorporated Memorandum of Law. (Dkt. 33) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Strike.

    Plaintiff Christie L. Nafziger filed the present action "for damages and injunctive relief to relief to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964 42 U.S.C. 2000e et seq. with regard to her gender and the Florida Civil Rights Act F.S. 760.10 et seq., with regard to her gender and marital status." (Dkt. 30 at 1) Defendant, Gospel Crusade, Inc., is a "church and non-profit resort and convention center business located in Manatee County, Florida" that "was the employer of Plaintiff at all times relevant to [the] action." (Id. at 2)

    In the Motion to Strike, Defendant Gospel Crusade, Inc. moves to strike Plaintiff's request for injunctive relief and liquidated (compensatory) damages from Plaintiff's Amended Complaint. (Dkt. 33 at 1) Defendant states that "Plaintiff's counsel consents to the striking of Plaintiff's claim for liquidated (compensatory) damages but contests the

remainder of Defendant motion." (Id. at fn. 1) In light of that stipulation, as to Plaintiff's request for liquidated (compensatory) damages, Defendant's Motion to Strike is **GRANTED**.

Defendant argues that "Plaintiff's request for injunctive relief should be [stricken] because such relief cannot be so broad as to compel a party to obey the law, which is what Plaintiff specifically requests." (Id. at 1-2) Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The Court has broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (citing Williams v. Eckerd Family Youth Alternative, 908 F. Supp. 908, 910 (M.D. Fla. 1995). "Despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored." Dionisio v. Ultimate Images & Designs, Inc., 391 F. Supp. 3d 1187, 1191 (S.D. Fla. 2019) (citations omitted) Motions to strike are usually denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (citations omitted) (denying Defendant's request to strike portions of Plaintiff's Amended Complaint)

Plaintiff's request for injunctive relief states "that Defendant's discriminatory actions herein must be enjoined by this Court in order to force Defendant to comply with law. It is suggested that the injunction be specific in enjoining Defendant and its employees, agents and representatives." (Dkt. 30 at 15) In its Motion to Strike, Defendant does not allege that Plaintiff's request is immaterial or impertinent, and Defendant does

not allege that it would suffer any prejudice if the Court allows Plaintiff's prayer for injunctive relief to remain. Instead, Defendant argues that Plaintiff's request for injunctive relief is too vague as it merely orders Defendant to "obey the law." (Dkt. 33 at 2) The Court can envision some injunctive relief that can more particularly be applied to the Defendant's conduct should Plaintiff prevail on the merits. Therefore, without reaching the the merits of the case, the Court will consider Plaintiff's prayer for injunctive relief in the normal course of the litigation.

Upon consideration of the foregoing, it is hereby ORDERED as follows:

1. Defendant's Partially Unopposed Renewed Motion to Strike and Incorporated Memorandum of Law, (Dkt. 33), is **GRANTED IN PART AND DENIED IN PART**. Per the Parties' agreement, Plaintiff's request for liquidated (compensatory) damages is hereby **STRICKEN**. The Court **DECLINES** to strike Plaintiff's prayer for injunctive relief.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of January, 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

3